IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANTONIO McGILL, )
)
Plaintiff, ) Case No. 1:12-00143
) Judge Haynes
v. )
)
GLEN BABICH, )
)
Defendant. )

**MEMORANDUM**

Plaintiff, Antonio McGill filed this action under 42 U.S.C. § 1983 against the Defendant Dr. Glen Babich and asserts an Eighth Amendment claim for the Defendant's denial of medical care for Plaintifgf's hip condition. The Court set a frivoling hearing to assess his claims and ordered the filing of Plaintiff's medical records.

According to Plaintiff, he has tension in his hips, that limits his ranges of motion. This condition stared in 2006 after he had been in the Department of Correction's custody. Plaintiff alleges that a Dr. Baker recommended surgery two weeks prior to the hearing, but the surgery has not been scheduled. Dr. Campbell ordered the x-rays and Plaintiff had x-rays at his institution. Dr Campbell also requested Corizon Health to perform a MRI. Plaintiff asserts that Dr. Campbell, a prison doctor requested that surgery be scheduled for Plaintiff's hip condition.

In his proposed amended complaint, Plaintiff alleges that Dr. Campbell sent his request to Corizon Health Services for a MRI, but the Defendant Dr. Babichy refused the request for a MRI and prescribed an alternative treatment plan of treatment, including a walker, wheelchair, therapeutic exercises and anti-inflammatory mediation. Plaintiff alleges this alternative treatment

plan does not treat his hip condition and he has waited 60 days for an MRI. Plaintiff alleges that Dr. Babich stated that because Plaintiff was an inmates, this alternative plan was selected. In essence, Dr. Babich overruled Dr. Campbell.

. Plaintiff has received injections for his hip pain and the injection relieved Plaintiff's pain for about two months, but Plaintiff asserts that the pain has returned. Plaintiff has not received any injections since, but has not requested any. According to his medical records, Plaintiff has a lengthy medical record that reflect numerous medical tests, steroid injections, arthrogram of Plaintiff's right hip. There is an MRI of Plaintiff's left and right hip on July 12, 2013 performed that the Nashville General Hospital, that Dr. Campbell reviewed and the results were negative. Plaintiff was also referred to Vanderbilt's Orthopaedic for an evaluation.

Plaintiff was transferred to the DeBerry Special Needs facility for a period of two to three weeks to treat his condition. Plaintiff alleges that this time period interfered with his educational classes and eligibility for parole.

Estelle v. Gamble, 429 U.S. 97, 106 (1976) affirmed a district court's sua sponte dismissal of a Section 1983 claim for failure to state a claim under Rule 12(b)(6) where there was a "detailed factual accounting" of the plaintiff's medical care claims. Id. There, the prisoner's claim for denial of x-ray and diagnostic tests was dismissed where prisoner examined seventeen (17) times by physicians and nurses. The Court concludes that Plaintiff has received extensive care for his hip condition. Plaintiff's dispute with Dr. Babich is over the adequacy of that care. Under Estelle, such claims do not state an Eighth Amendment claim. The Court concludes that this action should be dismissed with prejudice for failure to state a federal claim for relief.

An appropriate Order is filed herewith.

**ENTERED** this the 30th day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge